Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

### for the

_____ District of _____

_____ Division

**FILED - KZ**
July 30. 2026 3:04 PM

U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems   Scanned by ES 7/30

**1:26-cv-2208**
Hala Y. Jarbou,
Chief U.S. District Judge

|  |  |
|---|---|
| Nolan Johnson | ) |
| *Plaintiff(s)* | ) |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) |
| -v- | ) |
| | ) |
| Stryker | ) |
| *Defendant(s)* | ) |
| (Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) |

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial:  *(check one)*  ☐ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.      The Parties to This Complaint

####    A.      The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                      Nolan Johnson
Street Address       1946 South 11th street Apt 1A
City and County     Kalamazoo, Kalamazoo
State and Zip Code  Michigan 49009
Telephone Number   (269) 993-7028
E-mail Address       Nolan johnson 997@ outlook.com

####    B.      The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

    Name    Stryker

    Job or Title *(if known)*

    Street Address    2825 Airview Boulevard

    City and County    Kalamazoo MI 49002

    State and Zip Code    Michigan 49002

    Telephone Number    (269) 385-2600

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Stryker |
| Street Address | 2825 Airview Boulevard |
| City and County | Kalamazoo |
| State and Zip Code | Michigan 49002 |
| Telephone Number | (269) 385-2600 |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐  Failure to hire me.

☑  Termination of my employment.

☐  Failure to promote me.

☑  Failure to accommodate my disability.

☐  Unequal terms and conditions of my employment.

☑  Retaliation.

☐  Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s) _____ January 8th 2025 _____

C.    I believe that defendant(s) *(check one)*:

☐  is/are still committing these acts against me.

☑  is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐  race _____

☐  color _____

☐  gender/sex _____

☐  religion _____

☐  national origin _____

☐  age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*

☑  disability or perceived disability *(specify disability)*

Depression, Anxiety, head and back injuries Wrist and Knee injuries

E.    The facts of my case are as follows.  Attach additional pages if needed.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.  Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

January 8th 2025

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☑   issued a Notice of Right to Sue letter, which I received on *(date)*   5/05/2026

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.        For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    7/30/2026

Signature of Plaintiff    _Nolan J._

Printed Name of Plaintiff    _Nolan Johnson_

### B.        For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

 **Outlook**

---

### njohnson position statement

---

**From** nolan johnson <nolanjohnson997@outlook.com>

**Date** Thu 5/29/2025 8:49 AM

**To** nolan johnson <nolanjohnson997@outlook.com>

---

### I. INTRODUCTION

This statement is submitted in response to Stryker Corporation's ("Stryker" or "Respondent") Position Statement regarding my Charge of Discrimination filed under the Americans with Disabilities Act (ADA). I respectfully submit this rebuttal to clarify the facts, counter misleading or incorrect representations made by the Respondent, and provide factual and legal support for the conclusion that I was unlawfully discriminated against and ultimately terminated due to my disability and need for continued medical leave, in violation of the ADA.

---

### II. STATEMENT OF FACTS

On **October 27, 2023**, approximately three months into my employment as an Assembly Technician, I was involved in a serious automobile accident. The injuries sustained were both **physical and psychological** in nature and were thoroughly documented and treated by licensed healthcare providers:

- **Physical injuries**: Included a concussion (head trauma), damage to my **neck, back, left knee**, and **right wrist**.

- **Psychological injuries**: I was diagnosed with **severe depression and anxiety,** which required immediate and ongoing care. I am currently prescribed antidepressants and anxiolytic medications, and I attend therapy sessions regularly.

As a result of these injuries, I was **medically unfit to return to work** in a physically demanding environment. My condition was managed and monitored closely by several medical professionals. All return-to-work dates and extensions of leave were based on **medical evaluations and documentation**, not arbitrary or personal decisions.

---

### III. RESPONDENT'S MISREPRESENTATION OF EVENTS

Stryker claims that my leave was extended indefinitely without proper documentation. This is factually incorrect and misleading. I submitted medical documentation at every phase of the leave process. The **only alleged missing documentation** was my final **Attending Physician Statement**, submitted on **December 16, 2024,** which I have **email records** showing was transmitted to Stryker. The email includes:

- A timestamp from **December 16, 2024**

- The completed physician statement as an attachment

- Confirmation that the email was successfully sent to the HR contact provided

The assertion that I "went silent" is demonstrably false. I made multiple attempts to communicate with Stryker HR during this period. I received no follow-up indicating that my final documentation was not received. At no point did I willfully abandon my job or ignore employer communications.

## IV. THE ADA & REASONABLE ACCOMMODATION

Under the ADA, an employer must provide a **reasonable accommodation** to qualified individuals with disabilities, unless doing so would impose an undue hardship. See 42 U.S.C. § 12112(b)(5)(A).

Contrary to Stryker's claims, I am a **qualified individual** under the ADA. I was:

1. **Disabled** under the ADA due to physical and psychological impairments substantially limiting major life activities, including walking, concentrating, and working.

2. **Capable of performing the essential functions** of my role with the **accommodation of temporary leave**, based on the medical guidance provided.

3. Actively engaged in the **interactive process** and responsive to the company's requests for documentation—despite their failure to acknowledge receipt of the final medical form.

Stryker's refusal to recognize valid documentation and its decision to terminate me shortly after my physician confirmed I could return with restrictions constitutes an abandonment of the interactive process and a failure to provide reasonable accommodation.

## V. LEGAL PRECEDENT SUPPORTING MY CLAIM

Numerous courts have held that **extended medical leave may be a reasonable accommodation**, especially when the employer has previously granted multiple extensions without hardship.

- **Ceja-Corona v. CVS Pharmacy, Inc.**, No. 1:12–cv–01703, 2014 WL 1921745 (E.D. Cal. May 14, 2014): Held that extended leave can be a reasonable accommodation and emphasized the employer's obligation to continue the interactive process.

- **Paulette v. Target Corp.**, 2017 WL 486322 (E.D. Cal. Feb. 6, 2017): Denying summary judgment where the employer terminated the employee after allegedly failing to receive medical documentation, despite the employee producing proof that documentation had been sent.

- **Nunes v. Wal-Mart Stores, Inc.**, 164 F.3d 1243 (9th Cir. 1999): The court reversed a grant of summary judgment where the employer refused to extend a medical leave of absence, holding that a finite extension of leave may be a reasonable accommodation under the ADA.

In **King v. Steward Trumbull Mem. Hosp., Inc.**, 30 F.4th 551 (6th Cir. 2022), cited by the Respondent, the court emphasized that medical leave is not per se unreasonable. It must be assessed in context— **including the nature of the disability, employee's prognosis, and the impact on the employer's operations**. Here, my leave was medically justified, temporary, and repeatedly accommodated without issue until the final, contested extension.

## VI. EVIDENCE OF PRETEXT AND DISCRIMINATION

Stryker's stated reason for termination—failure to submit updated medical documentation—is demonstrably **false** given the email record of submission. The timing of the termination, following nearly

a year of accommodation and a submitted return-to-work plan, suggests that Stryker had grown weary of accommodating a disabled worker and looked for a pretext to terminate.

Moreover, the **lack of any inquiry or follow-up** about the allegedly missing documentation shows a **failure to engage in good faith** in the interactive process. This is itself a violation of the ADA, as held in:

- **Barnett v. U.S. Air, Inc.**, 228 F.3d 1105 (9th Cir. 2000), aff'd, 535 U.S. 391 (2002): The interactive process is a continuing obligation, not a one-time formality.

- **Taylor v. Phoenixville School District**, 184 F.3d 296 (3rd Cir. 1999): Employers must engage in an interactive process and cannot shut it down unilaterally.

---

## VII. REQUEST FOR REMEDY

I respectfully request that the EEOC find **cause** to believe that Stryker violated my rights under the ADA and proceed with:

- Issuing a **Letter of Determination** finding probable cause for discrimination and retaliation

- Initiating **conciliation** or authorizing a **right-to-sue letter**

- Recommending appropriate **make-whole relief**, including reinstatement, back pay, and damages

---

## VIII. CONCLUSION

I was not terminated for misconduct or neglect, but because I was injured and disabled, and required temporary medical leave. Despite good faith efforts to comply with all employer requests and provide medical documentation, my termination occurred after Stryker grew unwilling to accommodate my ongoing recovery. This constitutes **disability discrimination and retaliation** under the ADA.

Thank you for your attention to this matter.